Janet FOSTER, Appellant

v.

KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY and Elizabeth Henry, Appellees.

No. 2004–SC–0461–DG.

Supreme Court of Kentucky.

April 20, 2006.

Carl D. Frederick, Paul Joseph Hersh-berg, Seiler & Handmaker, LLC, Louis-ville, Counsel for Appellant.

William Clifton Travis, Ricketts & Travis, Louisville, Counsel for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed on the cross-claim of Kentucky Farm Bureau. The panel stated that the dispositive question was whether the insurance company had a reasonable foundation to withhold payment of work loss benefits and whether the question should have been submitted to the jury or adjudicated as a matter of law.

The questions presented by the parties are whether an individual who is unemployed at the time of an auto accident may collect work loss benefits for a job she is later offered, but is advised by her physician to decline on account of the accident related injuries and whether there is a conflict between the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12–230, and the statutes permitting 18% interest and attorney fees for failure to pay a no-fault claim without reasonable foundation. KRS 304.39–210 and KRS 304.39–220.

Foster was injured in an automobile accident in 1997. She was diagnosed with a number of soft tissue injuries and continued to receive treatment for several months after the accident. The tort claims were settled prior to litigation.

On the date of the accident, Foster was covered by an automobile insurance policy issued by Kentucky Farm Bureau which provided basic reparation benefits. Foster was receiving unemployment benefits after having been laid off from her sewing job at Enro Shirt Factory. After the accident, Foster initially sought basic reparation benefits (BRB) only for her medical expenses. Approximately two months after the accident, and while she was still being treated, Foster interviewed for a job at United Mail and shortly thereafter was offered a full time position sorting mail which she accepted. Before she actually started her new job, she had a follow-up visit with her physician. She mentioned to him the new job, and he advised that she could not perform the work because of the physical demands of it and because it was different from her sedentary job from which she had been laid off. With this new information, she advised her counsel who contacted the insurance company and made a claim for lost earnings related to the newly obtained position.

Foster testified that she had every intention of taking the new job, however, because of her physician's advice, she was unable to do so. She said she had informed United Mail that she could not take the position. At the time she applied for the work loss benefits, she was still collecting unemployment compensation as a result of being laid off at Enro.

The claims service representative declined the claim as being without merit. The representative testified that she believed that a person who is unemployed at the time of an accident should be compensated thereafter only for lost unemployment benefits. It was noted that Foster held herself out to the unemployment commission that she was able and available to accept employment but now was telling the insurance company that she was disabled.

Foster filed suit alleging that the action of the company was a violation of the Unfair Claims Settlement Practices Act, and as a violation of the duty that the company owed to its insured. The circuit court determined that the case should proceed to trial as to whether the movant had lost income from work that she probably would have performed had she not been injured and whether the movant had provided her insurer with reasonable proof of

the amount of her wage lost. The jury returned a verdict in favor of Foster, determining that Farm Bureau was required to pay work loss benefits and that it did not have a reasonable foundation for delaying payment. Foster was awarded $5,290 in work loss benefits plus 18% interest as a penalty for the benefits being overdue. She was also awarded $40,202.75 in attorney fees. Both parties appealed.

The Court of Appeals reversed on the cross-claim of the insurance company. It stated that the dispositive question was whether the insurance company had a reasonable foundation to withhold payments of work loss benefits and whether that question should have been submitted to the jury or decided as a matter of law. The Court concluded that the insurance company did have a reasonable foundation to withhold payments and that the question should not have been submitted to the jury, but rather should have been decided as a matter of law. This Court granted discretionary review.

### I. Unemployment Benefits

Foster was able to do sedentary work of the kind that she had always performed. Until her physician advised her that the mail sorting job was not suitable, she also believed that she could have performed some major physical labor regardless of her injury. She was seeking to reenter the workforce and was taking appropriate action to begin the new job. It is acknowledged that there was no evidence that Foster knew that her physical condition would not allow her to perform the new job when she accepted the mail sorting position.

■ The Motor Vehicle Reparation Act (MVRA) makes work loss benefits available for work the injured person probably would have performed if he had not been injured. KRS 304.39-020(5)(b).

Farm Bureau was entitled to investigate as to whether Foster was offered a job and whether she would have taken it in the absence of knowing of her disabling injury. Foster presented Farm Bureau with sufficient evidence that she sought and had been offered employment and that she would have accepted it other than the fact that she was prevented from beginning the work because of her physical condition on the advice of a physician. Thus, she presented proof of a job offer and a statement from her treating physician advising her that her injuries prevented her from doing the work. The credibility and evaluation of the evidence presented by Foster was in a proper jury determination. The jury unanimously found that Foster was entitled to benefits and that the denial by Farm Bureau was without reasonable foundation.

The proper standard of review of a jury verdict is found in *Lewis v. Bledsoe Surface Mining Co.* 798 S.W.2d 459 (Ky.1990). In that wrongful termination case, the employer alleged that its former employee had not mitigated damages by diligently seeking substitute employment. The jury found in favor of the employee based on his testimony regarding efforts to locate other jobs. The Court of Appeals reversed, and this Court reinstated the verdict in favor of the employee, emphasizing that the decision of the jury in this type of fact question could not be set aside lightly. The same is true here.

### II. Punitive Damage Question

■ Although we recognize the argument presented by Kentucky Farm Bureau that the punitive damage question is not properly before this Court, we have reviewed the arguments presented by both parties in this matter.

■ The Kentucky Motor Vehicle Reparation Act, KRS 304.39, et seq., provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits. There is no other Kentucky statute, regulation or case law which permits Foster to claim work loss for BRB. The MVRA is the exclusive remedy. *Grzyb v. Evans*, 700 S.W.2d 399 (Ky.1985), provides that where a statute both declares the unlawful act and specifies the civil remedy available, the aggrieved party is limited to the remedy provided by the statute. General damages are not available when a specific remedy is provided such as in this case. KRS 304.39–210 states that the penalty for any delay in payment of basic reparation benefits is payment of interest at the rate of 12% per annum on the delayed benefits, or 18% per annum if the delay was without reasonable foundation. Interest, which is set out in certain situations in KRS 304.39–220, and the award of attorney fees are the remedies provided to an insured if an insurance company fails to pay basic reparation benefits in a timely manner and/or without reasonable foundation.

■ *Grzyb, supra,* involves a special body of law, the Kentucky Civil Rights Act, KRS 344 et seq. *FB Ins. Co. v. Jones*, 864 S.W.2d 926 (Ky.App.1993), does not control because it relates to general insurance law questions. The Kentucky MVRA preempts general insurance law where an insurance claim arises as a result of physical injury caused by a motor vehicle accident and establishes remedies for violations of the statute. This can be compared to the civil rights provision of *Grzyb*. MVRA is a comprehensive act which not only relates to certain tort remedies, but also establishes the terms under which insurers pay no-fault benefits, and provides for the penalties to which insurers

are subjected if they fail to properly pay no-fault benefits.

Here, the circuit judge dismissed the claim of Foster seeking punitive damages under the Unfair Claims Settlement Practices Act, but allowed the suit based on the MVRA to proceed to a jury trial. Because the MVRA is the exclusive remedy, the decision of the circuit judge was correct.

■ It is the decision of this Court that the punitive damages arguments presented here by Foster are without merit. As to other claims, we decide that an individual who is unemployed at the time of an automobile accident may collect work loss benefits from a job that she is later offered, but cannot fulfill, because of a physician's advice, and such conduct is covered by the Kentucky MVRA statutes.

The decision of the Court of Appeals is reversed and remanded with directions to reinstate the judgment of the circuit court based on the jury verdict.

All concur.

SCOTT, J., files a separate concurring opinion.

SCOTT, Justice, concurring.

I concur with the Opinion of the Court, but for the reason that the resolution of the "punitive damages" issue was mandated by the "election of remedies" doctrine. *Young v. Hammond*, 139 S.W.3d 895, 903 (Ky.2004). One cannot prevail on separate claims for the same conduct. Here the Plaintiff asked for and received interest and attorneys fees per KRS 304.39–220. The separate claim for punitive damages was for the same conduct. Once relief under KRS 304.39–220 is requested it must take precedence. Were the claim for punitive damages based on differing conduct, the result would be different.

Nor do I adopt the statement in this opinion that declares, "[t]he Kentucky Motor Vehicle Reparation Act, ..., provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." Insurance companies are subject to the same rules of conduct as others. To date, we have not declared they are "statutorily free" from common law claims of "bad faith" and I do not believe this to be the intent of this statement in this case.