**WILLIAM C. ERIKSEN, P.S.C.**
Appellant/Cross–Appellee,

v.

**KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY,** Appellee/Cross–Appellant.

Nos. 2009–CA–000812–MR,
2009–CA–000879–MR.

Court of Appeals of Kentucky.

Sept. 3, 2010.

Discretionary Review Denied by
Supreme Court May 11, 2011.

Jonathan D. Boggs, Elizabethtown, KY, for appellant/cross-appellee.

Reford H. Coleman, Eric A. Hamilton, Elizabethtown, KY, for appellee/cross-appellant.

Before MOORE and WINE, Judges; HARRIS,[1] Senior Judge.

## OPINION & ORDER

MOORE, Judge:

William C. Eriksen, a medical services provider, appeals the Hardin Circuit Court's decision dismissing his counterclaim to recover unpaid interest from Kentucky Farm Bureau Insurance Company ("KFB") under the Motor Vehicle Reparations Act ("MVRA") and finding that a medical provider does not have standing under the MVRA to file a direct action against a reparations obligor. We agree with the circuit court and affirm. Because KFB's cross-appeal is taken from an interlocutory order, we dismiss it.

---

1. Senior Judge William R. Harris sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

KFB initially filed suit against Eriksen in Hardin District Court to recover $425 for alleged overpayment on a personal injury protection claim. Eriksen asserted a counterclaim against KFB for interest pursuant to Kentucky Revised Statute (KRS) 304.39–210(2) on allegedly late payments made by KFB at the direction of KFB's insureds. Eriksen claimed damages in excess of the jurisdictional limits of the district court, and the case was removed to Hardin Circuit Court.

Thereafter, KFB filed a motion to dismiss Eriksen's counterclaim asserting that Eriksen, as a medical provider, lacked standing to assert a direct claim under the MVRA pursuant to the Kentucky Supreme Court's ruling in *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.,* 250 S.W.3d 321 (Ky.2008). The trial court granted KFB's motion to dismiss Eriksen's claim for interest on the overdue payments. Eriksen moved the court to reconsider its order, claiming that the trial court has misinterpreted the statute and the Supreme Court's holding in *Neurodiagnostics.* The court denied Eriksen's motion to reconsider, and Eriksen timely appealed.[2]

Additionally, Eriksen filed a first amended counterclaim which added claims of fraud and wrongful initiation of civil proceedings against KFB. Thereafter, KFB filed a motion to amend the trial court's previous order to include dismissal of all of Eriksen's counterclaims. In substance, that motion should be construed as a motion to dismiss Eriksen's remaining claims against KFB. The trial court granted leave for Eriksen to file an amended counterclaim and denied KFB's motion to amend the court's prior order. Hence, the trial court declined to dismiss Eriksen's amended counterclaims. KFB thereafter filed a timely crossappeal.

Eriksen's claim of error reaches us in the context of the trial court's denial of Eriksen's motion to alter, amend or vacate, which would normally be analyzed under the abuse of discretion standard of review. *Emberton v. GMRI, Inc.,* 299 S.W.3d 565, 579 (Ky.2009). However, because Eriksen's claimed error is that the court erred in construing a statute, which is a question of law and not an exercise of discretion, we will review the alleged error of law *de novo. Neurodiagnostics,* 250 S.W.3d at 325.

The MVRA "provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." *Foster v. Kentucky Farm Bureau Mut. Ins. Co.,* 189 S.W.3d 553, 557 (Ky.2006). Further, the MVRA provides that late payments "bear interest at a rate of twelve percent (12%) per annum, except that if delay was without reasonable foundation the rate of interest shall be eighteen percent (18%) per annum." KRS 304.39–210(2).

The trial court denied Eriksen standing to assert a claim against KFB for interest on the basis of the holding in *Neurodiagnostics.* In *Neurodiagnostics,* the issue was whether, under the MVRA, a medical provider has a direct right of action against an insurer for no-fault or personal injury protection payments by assignment from the insured. In *Neurodiagnostics,* the insureds had signed an "Assignment of

<hr/>

**2.** Although Eriksen's notice of appeal did not state that he was appealing from the trial court's order granting the motion to dismiss, "[d]ismissal is not an appropriate remedy for this type of defect so long as the judgment appealed from can be ascertained within rea-sonable certainty from a complete review of the record on appeal and no substantial harm or prejudice has resulted to the opponent." *Ready v. Jamison,* 705 S.W.2d 479, 481–82 (Ky.1986).

Benefits" in which they assigned to the medical provider all benefits payable to the insureds for the medical services rendered. When the medical provider filed suit against the insurance company for payment of the outstanding medical bills from the insured's no-fault benefits, the insurance company claimed that the medical provider did not have standing under the MVRA.

The Court explained that the MVRA originally contained a provision allowing an insured to assign no-fault benefits to a medical provider, thereby giving the provider a right of action against a reparations obligor. The legislature, however, amended the Act in 1998 and removed the insured's ability to assign benefits under the MVRA. In reviewing the issue, the Court "conclude[d] that a medical provider ... is an optional payee or incidental beneficiary.... And, as an incidental beneficiary, [a medical provider] has no direct right of action against the reparation obligor." *Neurodiagnostics*, 250 S.W.3d at 329. The Court then expressly held that, "[t]he repeal of the assignment provision took away any direct cause of action by the medical provider, and no other current provision of the MVRA can be construed to afford a direct cause of action to medical providers." *Id.* at 329–30. The Court found that "the control rests with the insured to direct payment of his or her benefits among the different elements of loss." *Id.* at 325. Consequently, the Court decided that "a medical provider has no standing under the MVRA to bring a direct action against the reparation obligor/insurer." *Id.* at 329.

■ Eriksen argues that this is not a benefits assignment case; rather, Eriksen seeks to enforce the penalty provision under KRS 304.39–210(2). Accordingly, Eriksen argues that the holding in *Neurodiagnostics* does not apply in this case.

We disagree. The language and holding in *Neurodiagnostics* are clear: a medical provider does not have standing to sue under the MVRA. Instead, "the insured is the party that is ultimately responsible for payment. And it is the insured that has the direct right of action against the reparation obligor if he or she disagrees with the way in which his or her benefits were either paid or not paid." *Neurodiagnostics*, 250 S.W.3d at 329. We agree with the circuit court that "[i]f the interest is available to medical providers, it is not available through direct action against the reparations obligor. It is the prerogative of either the Kentucky Supreme Court or the Kentucky Legislature to create an exception to the *Neurodiagnostics* rule that would give a medical provider[ ] a direct action to enforce the statutory interest penalty of KRS 304.39–210(2)." Accordingly, we find no error.

■ KFB filed a cross-appeal asking this Court to decide that the additional claims raised in Eriksen's amended counterclaim should have been dismissed by the trial court in its original judgment. KFB argues that because Eriksen lacked standing to assert a direct cause of action against KFB under the MVRA, the additional claims in Eriksen's amended counterclaim should be barred as well "because there would be no existing cause of action for these derivative claims to arise."

Eriksen argues in response that KFB's cross-appeal is interlocutory, and we agree. This case involved multiple claims, and in the trial court's discretion it determined that its order granting KFB's motion to dismiss Eriksen's claim under the MVRA could be severed from the remaining claims by including the finality language and by stating that there was no just reason for delay. *See* Kentucky Civil Rule 54.02; *see also Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722,

726–27 (Ky.2008). Hence, that order was final and appealable. *Id.* Eriksen does not argue that the trial court abused its discretion in certifying the order granting KFB's motion to dismiss as final and appealable; thus, we need not review whether the trial court abused its discretion in doing so.

■ The claims in Eriksen's first amended counterclaim are separate from his claims under the MVRA and have not been ruled on by the trial court. KFB's motion to amend the trial court's order is best construed as a motion to dismiss the claims in Eriksen's first amended counterclaim. The trial court denied KFB's motion, and such a denial is not a final and appealable order. *See e.g., Ford Motor Credit Co. v. Hall,* 879 S.W.2d 487, 489 (Ky.App.1994). There being no ruling from the trial court on Eriksen's amended counterclaims, KFB's cross-appeal is from an interlocutory order as the amended counterclaims remain pending. The foundation of appellate review is based on the principle that the lower court has first had a chance to deliberate and decide upon the issues. *Florman v. MEBCO Ltd. Partnership,* 207 S.W.3d 593 (Ky.App.2006). Consequently, we dismiss the cross-appeal as interlocutory.

Accordingly, the order of the Hardin Circuit Court is AFFIRMED and it is hereby ORDERED that KFB's cross-appeal is hereby DISMISSED as being taken from an interlocutory order.

WINE, Judge, concurs.

HARRIS, Senior Judge, concurs in part, dissents in part and files separate opinion.

HARRIS, Senior Judge, concurring in part and dissenting in part:

I concur in the order dismissing KFB's cross-appeal as being taken from an interlocutory order, but I respectfully dissent from the opinion affirming Hardin Circuit Court's dismissal of Eriksen's counterclaim seeking recovery of unpaid interest. I do so because I am persuaded that the trial court and the majority of this Court have misapplied *Neurodiagnostics, Inc. v. Kentucky Farm Bureau Mut. Ins. Co.,* 250 S.W.3d 321 (Ky.2008).

The *Neurodiagnostics* case involved a factual situation distinguishable from the one involved in this case. The *Neurodiagnostics* case did not involve the payment of interest under KRS 304.39–210(2). Moreover, the Court relied on the fact that the medical provider in the *Neurodiagnostics* case was an "incidental beneficiary," stating that "[r]eading KRS 304.39–241 in light of the MVRA as a whole, we conclude that a medical provider ... is an optional payee or incidental beneficiary of the no-fault policies. And, as an incidental beneficiary, [the medical provider] has no direct right of action against the reparation obligor." *Id.* at 329. But in the present case the insureds have already directed that their PIP payments should go to Eriksen to pay for medical treatment. Therefore, Eriksen is not an "optional payee" or "incidental beneficiary," and has standing to pursue his claim for interest.

Moreover, statutes are to be "liberally construed with a view to promote their objects and carry out the intent of the legislature ...[.]" KRS 446.080(1). Statutes which are remedial in nature should be liberally construed in favor of their remedial purpose. *Kentucky Ins. Guar. Ass'n v. Jeffers ex rel. Jeffers,* 13 S.W.3d 606, 611 (Ky.2000). Additionally, we must presume that the legislature did not intend an absurd result. *Workforce Development Cabinet v. Gaines,* 276 S.W.3d 789, 793 (Ky.2008).

In this case, the MVRA's interest penalty provision is the sole remedy for delayed

payment of reparations benefits. *Foster v. Kentucky Farm Bureau Mut. Ins. Co.,* 189 S.W.3d 553, 557 (Ky.2006). The MVRA is therefore the only source through which Eriksen may recover interest on any delayed payments. While KRS 304.39–210(2) does not say to whom the interest is payable, it would be illogical for the interest to go to the patient, who has already received treatment and directed that payment for the treatment be paid directly to the provider. Likewise, the interest should not remain with KFB, as there would be no incentive to pay in a timely fashion. In circumstances such as these, where an insured has directed that payment be made directly to the medical provider for medical expenses, then the interest must also go to the medical provider. Consequently, I would reverse the trial court and allow Eriksen to pursue his interest claim against KFB.