RENDERED: JUNE 16, 2022
TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0312-DG

ERIE INSURANCE EXCHANGE                                                      APPELLANT


V.
ON REVIEW FROM COURT OF APPEALS
NO. 2019-CA-1449
FLOYD CIRCUIT COURT NO. 19-CI-00059


MEGAN JOHNSON AND TERRI REED                                       APPELLEES

**OPINION AND ORDER OF THE COURT**

**<u>VACATING AND DISMISSING</u>**

Erie Insurance Exchange appeals the decision of the Court of Appeals affirming the summary judgment and fees ordered by the trial court in favor of appellees Megan Johnson and Terri Reed's right to direct payment of basic reparation benefits within an element of loss under Kentucky's Motor Vehicle Reparations Act (MVRA). For the reasons stated below, we vacate and dismiss for lack of subject matter jurisdiction.

## I.     BACKGROUND

On October 14, 2018, Megan Johnson and Terri Reed were involved in a collision while in Johnson's vehicle. That vehicle was insured by Erie Insurance Exchange (Erie). The day after the crash, on October 15, 2018, Johnson and Reed sought medical attention at ARH Hospital in Floyd County, Kentucky,

incurring costs from the hospital, a radiologist, and an osteologist. The day after this treatment, on October 16, 2018, Johnson and Reed submitted no-fault benefits applications to Erie for payment of medical bills under their Basic Reparation Benefits (BRB) coverage. Bills from ARH Hospital, the radiologist, and the osteologist were promptly and correctly submitted to Erie. Thereafter, Johnson and Reed sought treatment from a chiropractor for their injuries. The only element of loss requiring payment of BRB resulting from the accident was medical expenses from the three hospital-related parties and the chiropractor.

On October 23, 2018, counsel for Johnson and Reed sent a letter to Erie instructing it to withhold all no-fault benefits until further direction pursuant to Kentucky Revised Statute (KRS) 304.39-241. Erie complied. On January 16, 2019, counsel for Johnson and Reed sent another letter to Erie. This letter instructed Erie to pay Johnson's and Reed's chiropractic bills before paying any other medical expenses. Erie refused, asserting that it was required to pay medical bills in the order they are received regardless of other directives from insureds. Erie had already received the filed bills from ARH Hospital, the radiologist, and the osteologist for Johnson and Reed, and it intended to pay those bills before paying for the later chiropractic care.

In response to this dispute, Erie filed a declaratory judgment action on January 25, 2019, to determine whether it was required to pay bills within an element of loss in the order directed by the secured persons. In response, Johnson and Reed filed a counterclaim on February 15, 2019, seeking the award of an attorney's fee under KRS 304.39-220(1) and excess interest for the

2

unreasonable delay of the payment of their bills caused by Erie. On April 11, 2019, Erie moved for summary judgment. In that motion, Erie set out arguments in favor of its interpretation of the MVRA and against an award of an attorney's fee and excess interest. Johnson and Reed filed a countermotion for summary judgment on May 7, 2019, but that motion did not include an argument regarding the MVRA (instead, it argued about unreasonable delay warranting an attorney's fee award and excess interest). On May 9, 2019, only two days after filing a summary judgment motion and before the court ruled on either summary judgment motion, Johnson and Reed moved the court for a reasonable attorney's fee.

On May 30, 2019, the trial court denied Erie's motion for summary judgment. In its denial, the trial court made findings favorable to Johnson and Reed's position. The order denying summary judgment also included a finding that the suit was "beyond reason." However, the court never granted Johnson and Reed's motion for summary judgment. On June 14, 2019, after its summary judgment was denied, Erie moved for summary judgment on count II of Johnson and Reed's counterclaim,[1] and moved to alter or amend the trial court's May 30th denial of summary judgment. Erie wanted the trial court to change the language of its prior order regarding the schedule and mechanism for bill payment, and also wanted the trial court to add language indicating that it granted Johnson and Reed's summary judgment motion. Then, Johnson

---

[1] Count II was ultimately dismissed by agreement of the parties.

3

and Reed renewed their motion for summary judgment on July 10, 2019; Erie filed a response to that motion on July 29, 2019.

Following these filings, the trial court issued three orders: first, on August 9, 2019, it granted Johnson and Reed's motion for an attorney's fee; then, on the same day, it denied Erie's second summary judgment motion, but agreed to amend the first order denying Erie's summary judgment motion to rephrase its language regarding the timing of payment of medical bills; finally, on September 20, 2019, the trial court ordered an attorney's fee totaling $14,383. The first order for attorney's fee contained finality language but no amount; the second order contained the amount but no finality language. The trial court appears to never have ruled on Johnson and Reed's summary judgment motions, nor at all regarding excess interest to be applied to medical bill payment. The trial court *did not* ultimately amend its order to indicate that it granted Johnson and Reed's summary judgment motion as requested by Erie, nor did it ever make an explicit finding on or order regarding excess interest to be paid on medical bills.

Erie appealed to the Court of Appeals, arguing that the trial court erred by awarding summary judgment and awarding an attorney's fee plus excess interest on medical bills. Regarding appealability, Erie stated in a footnote on page seven of its brief to the Court of Appeals that the trial court's order awarding an attorney's fee from August 9, 2019, was intended to grant summary judgment, and therefore the decision was final and appealable as to

the MVRA issue. The Court of Appeals affirmed the trial court. We granted Erie's subsequent motion for discretionary review.

## II.   ANALYSIS

"A judgment is a written order of a court adjudicating a claim or claims in an action or proceeding." CR 54.01. Only final judgments are appealable. *See* CR 54.01, 54.02. "A final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.01. When multiple claims are presented in an action, the trial court may make the resolution of one such claim final by including language of finality and that there be "no just reason for delay." CR 54.02. As noted above, Erie appeals on three issues: the MVRA, attorney's fee, and excess interest. We address each issue in turn.

*A. Summary Judgment on the Direction of Payment*

When we review an order for summary judgment, "we determine whether the record supports the trial court's conclusion that there is 'no genuine issue as to any material fact and the [sic] moving party is entitled to judgment as a matter of law.'" *Foreman v. Auto Club Prop. Cas. Ins. Co.*, 617 S.W.3d 345, 349 (Ky. 2021) (quoting CR 56.03). Outside of the context of immunity, appellate courts only have jurisdiction to review *grants* of summary judgment; a denial of summary judgment is in most cases unreviewable until a final judgment is rendered at the trial court. *Auslander Props., LLC v. Nalley*, 558 S.W.3d 457, 462 (Ky. 2018) ("An order denying a motion for summary judgment is not appealable.") (citations omitted). There is an exception to this rule where "(1)

5

the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Id.* (citing *Abbott v. Chesley*, 413 S.W.3d 589, 602 (Ky. 2013); *Transp. Cabinet, Bureau of Highways v. Leneave*, 751 S.W.2d 36, 37 (Ky. App. 1988)).

We cannot review this denial of summary judgment under any exception. Although the facts are not in dispute, the only basis of the ruling is a matter of law, and there is a denial of the motion, Erie lacks an entry of a final judgment on appeal to which it can attach its appeal of the summary judgment denial. *See id.* Because Erie seeks review of a denial of summary judgment outside of an exception, it is outside the Court's jurisdiction for review.

In Erie's briefs to this Court and the Court of Appeals, it claims that the trial court "effectively granted" Johnson and Reed's summary judgment motion in its denial of Erie's. It supports this contention by the content of the order: it is, by and large, conclusions of law in support of Johnson and Reed. However, Johnson and Reed never explicitly argued for an interpretation of the MVRA counter to that of Erie's. Instead, they argued in their motion for summary judgment solely about the award of an attorney's fee, excess interest, and the presence of an unreasonable delay. That summary judgment motion was never ruled upon.

In a footnote in its brief to the Court of Appeals, perhaps anticipating a reviewability issue, Erie claims that the trial court intended to grant Johnson and Reed's summary judgment motion in its order granting an attorney's fee.

6

That order states that it grants the "Defendant's Motion to Reconsider." The defense made no such motion; however, prior to the order, Johnson and Reed *did* move for an attorney's fee after moving for summary judgment. Regardless, the order does not purport to grant Johnson and Reed's summary judgment motion. "Courts of record speak only by their orders duly entered and signed in the books provided for that purpose." *Equitable Trust Co. v. Bayes,* 190 Ky. 91, 226 S.W. 390, 391 (1920); *see also Glogower v. Crawford,* 2 S.W.3d 784, 785–86 (Ky. 1999) ("In Kentucky, a court speaks through the language of its orders and judgments.") (citations omitted). This Court cannot infer rulings not made explicit by the trial court. That is true especially where an order, such as the one Erie would have this Court consider to have granted summary judgment, makes no findings of fact or conclusions of law indicating otherwise.

*B. Award of Attorney's Fee*

We review the trial court's award of an attorney's fee for an abuse of discretion. *Banker v. Univ. of Louisville,* 466 S.W.3d 456, 465 (Ky. 2015) (citations omitted). To amount to an abuse of discretion, the trial court's decision must be "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Clark v. Commonwealth,* 223 S.W.3d 90, 95 (Ky. 2007) (quoting *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999)). The Court of Appeals incorrectly conflated the issues of a reasonable attorney's fee and excess interest. We consider the two separately, starting with the attorney's fee.

Here, the trial court issued two separate orders regarding an attorney's fee. First, the trial court ordered the payment of an attorney's fee. That order

7

did not contain any findings regarding the reasonableness of the suit, nor did it state upon which statute the trial court relied. It did, however, contain language that the order was final and appealable, and that there was no just cause for delay, as required by CR 54.02. Later, the trial court separately ordered—without any finality language—that an attorney's fee be paid pursuant to KRS 304.39-220(1). In doing so, the trial court applied the incorrect statute to the issue of attorney's fees. Subsection (1) of KRS 304.39-220 only applies "if overdue benefits are recovered *in an action against the reparation obligor* or *paid by the reparation obligor after receipt of notice of the attorney's representation* . . . if the denial or delay was without reasonable foundation." (Emphasis added). Neither is the case here. Instead, subsection (2) applies. That statute reads: "In *any action brought against the insured by the reparation obligor*, the court may award the insured's attorney a reasonable attorney's fee for defending the action." KRS 304.39-220(2) (emphasis added). Here, an action was brought by Erie against insureds Johnson and Reed. Therefore, according to statute, the trial court was plainly within its discretion to award a reasonable attorney's fee. However, these circumstances do not make the order appealable.

Although the first order contained the necessary language for appeal, "a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt." *Elkhorn Land & Improvements Co. v. Ratliffe*, 181 Ky. 603, 205

8

S.W. 687, 688 (1918) (citation omitted). The first order on the attorney's fee was not "enforceable for that purpose without further action by the court," as evidenced by the court's subsequent order specifying an amount to be paid. The second order, while enforceable on its own, did not include the necessary language required under CR 54.02 in order to be final and appealable in a suit involving multiple claims. Each order is therefore deficient for the purposes of appeal.

### C. Excess Interest

Perhaps most perplexingly, in spite of the trial court never ruling on the matter, Erie also appealed on the imposition of excess interest to be applied to the delayed repayment of medical bills. When medical bill payments by a reparation obligor are delayed by the reparation obligor, they "bear interest at the rate of [12%] per annum, except that if the delay was without reasonable foundation the rate of interest shall be [18%] per annum." KRS 304.39-210(2). Through this provision, the MVRA "provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault benefits." *Foster v. Kentucky Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006). Erie argues that because the trial court made a finding that the suit was "beyond reason" in its order denying summary judgment, and that it cited subsection (1) of the attorney's fee statute in its first order for an attorney's fee, it made an "implicit ruling" that Erie must pay the 18% interest. The Court of Appeals, absent an actual ruling or order stating as such, affirmed that Erie must pay the higher interest.

9

The trial court never mentioned—no less ordered—either excess interest to be paid or the statute that would require it. Through the trial court's award of an attorney's fee, Erie argues to this Court that the trial court implicitly ordered that excess interest be paid on medical bills. The basis of this argument is that because KRS 304.39-220(1), the subsection incorrectly stated in the order, requires that the litigation causing delay lack a "reasonable foundation" for an attorney's fee to be awarded. That same requirement—lack of a reasonable foundation—is also a requirement for a higher interest rate to be paid on overdue medical bills. Erie further supports its assertion by arguing that the trial court's finding that the suit was "beyond reason" in its denial of Erie's summary judgment was, in effect, a finding that the suit lacked a reasonable foundation for the purposes of the two statutes.

As we noted above, this Court can find no order compelling Erie to pay the higher interest rate. Neither can we find the statute governing such interest cited by the trial court in other related orders. Additionally, after a review of the caselaw regarding KRS 304.39-210(2), this Court cannot find an appeal for excess interest in which the application of such interest was not specifically ordered.[2] Since the trial court did not order excess interest, this Court has no subject matter jurisdiction over the issue.

---

[2] *See, e.g., Foster*, 189 S.W.3d at 556; *Auto. Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 695 (Ky. App. 1980); *Trent v. Bierlen,* CIV.A. No. 2012-236 WOB, 2014 WL 108314, at *8 (E.D. Ky. Jan. 9, 2014).

### III. CONCLUSION

The case at bar affects potentially millions of Kentuckians, and yet is an issue of first impression in the Commonwealth. The Court may yet consider the matter in the future. To do so, however, the question must be properly before the Court. Although the issue must await a future, proper appeal, this case gives us the opportunity to emphasize, yet again, the necessity of appealing from a final judgment. The absence of a final and appealable judgment is fatal to an appeal no matter how fully and competently the underlying substantive issues are briefed. Because no final and appealable orders are before us, this Court has no jurisdiction over the appeal and must dismiss it. The Court of Appeals similarly lacked subject matter jurisdiction to review these claims; we thus vacate its opinion affirming the trial court. Accordingly, we hereby order the Court of Appeals' opinion be vacated and the appeal to this Court be dismissed.

All sitting. All concur.

ENTERED: June 16, 2022.

CHIEF JUSTICE MINTON

11

COUNSEL FOR APPELLANT, ERIE INSURANCE EXCHANGE:

Mark A. Osbourn
John Marr Bush
Bush & Osbourn PLLC

COUNSEL FOR APPELLEES, MEGAN JOHNSON AND TERRI REED:

Michael Shane Hall
Kolbe Aaron Page

COUNSEL FOR AMICUS, INSURANCE INSTITUTE OF KENTUCKY:

Susan L. Maines

COUNSEL FOR AMICUS, KENTUCKY DEFENSE COUNSEL, INC.:

Ryan Daniel Nafziger
Phillips Parker Orberson & Arnett, PLC

COUNSEL FOR AMICUS, KENTUCKY HOSPITAL ASSOCIATION:

Kimberly Goetz DeSimone
Barnett, Benvenuti & Butler PLLC

COUNSEL FOR AMICUS, KENTUCKY JUSTICE ASSOCIATION:

Damon Blake Willis