RENDERED: AUGUST 16, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0333-MR

KENNETH JARNIGAN                                                    APPELLANT


APPEAL FROM OHIO CIRCUIT COURT
v.        HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 19-CI-00254


ALLSTATE PROPERTY AND
CASUALTY INSURANCE
COMPANY                                                             APPELLEE


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: COMBS, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Kenneth Jarnigan brings this appeal from a March 2, 2023, Order and Judgment of the Ohio Circuit Court dismissing Jarnigan's claims against Allstate Property and Casualty Insurance Company (Allstate). We reverse and remand.

On the morning of August 15, 2017, Jarnigan was involved in a motor vehicle accident in Ohio County when his vehicle was struck by a vehicle being

driven by Deborah Middleton. Jarnigan was insured by Allstate, and Middleton was insured by State Farm Mutual Automobile Insurance Company (State Farm). Jarnigan suffered significant injuries. Allstate paid basic reparation benefits (BRB) of $10,000 for medical expenses incurred by Jarnigan. Kentucky Revised Statutes (KRS) 304.39-030.

On July 19, 2019, Jarnigan and his passenger, Autumn Jarnigan, his daughter, filed a complaint against Middleton in the Ohio Circuit Court. In the complaint, it was alleged that Middleton negligently caused the accident and sought recovery of compensatory damages. Middleton filed an answer and generally denied the allegations.

Eventually, Jarnigan offered to settle with Middleton for the policy limits of bodily injury coverage in the amount of $50,000. At this time, Jarnigan was informed that his insurer (Allstate) had asserted its right to be subrogated for its payment of BRB to Jarnigan. State Farm had complied and reimbursed Allstate $9,000 from Middleton's bodily injury coverage in the amount of $50,000.[1] Neither insurance company notified Jarnigan's counsel that State Farm had paid Allstate from Middleton's liability coverage. As State Farm paid Allstate $9,000,

---

[1] Although Allstate Property and Casualty Insurance Company (Allstate) paid Kenneth Jarnigan $10,000 in Basic Reparation Benefits (BRB), it was only reimbursed $9,000 from State Farm Mutual Automobile Insurance Company (State Farm). According to Allstate, the $9,000 "includes accounting for the $1,000 inter-company deductible between Kentucky insurers." Allstate Brief at 1 n.1.

-2-

there remained only $41,000 in bodily injury benefits under Middleton's policy. Regardless, Jarnigan and Middleton eventually reached a settlement whereby Jarnigan received the remaining $41,000 in bodily injury benefits available under the State Farm Policy, and Jarnigan released Middleton and State Farm from additional liability.

Jarnigan then filed a motion to amend his complaint to add Allstate as a defendant. In the amended complaint, Jarnigan alleged that Allstate could only seek to recoup paid BRB through subrogation if its insured, Jarnigan, was fully compensated for his injuries. As Jarnigan was never fully compensated for his injuries arising from the motor vehicle accident, Jarnigan claimed that Allstate's right to subrogation had not arisen; thus, Allstate was not entitled to the $9,000 reimbursement from State Farm. Jarnigan maintained that Allstate had violated the Motor Vehicle Reparations Act (MVRA) by wrongfully obtaining the $9,000 payment.[2] Additionally, Jarnigan claimed that Allstate acted in bad faith and in violation of the Unfair Claims Settlement Practices Act (UCSPA) by obtaining the $9,000 reimbursement from State Farm.

The circuit court granted the motion to file the amended complaint, and Allstate then filed a motion to dismiss the complaint. In the motion to dismiss,

---

[2] The Motor Vehicle Reparations Act (MVRA) is set forth in Kentucky Revised Statutes (KRS) 304.39-010 *et seq*.

Allstate argued that Jarnigan was not entitled to personally receive BRB by a direct payment from Allstate and to do so, Jarnigan then would effectively receive payment of BRB in excess of the coverage available under his policy. Jarnigan filed a response and maintained that he would not be receiving another BRB payment from Allstate, but rather he was recovering monies due from State Farm that had been diverted from State Farm's liability coverage to satisfy Allstate's BRB subrogation claim. According to Jarnigan, an insurer's right to subrogation for payment of BRB only arises after the insured had been fully compensated for his injuries, which had not occurred. Jarnigan maintained that Allstate acted in bad faith by obtaining reimbursement of BRB despite having no right to do so.

In a June 2, 2022, Order, the circuit court granted Allstate's motion to dismiss. The circuit court concluded that "[a] party cannot recover under a theory of bad faith and/or violation of the UCSPA based on non-payment [sic] of Basic Reparation Benefits (BRB)" because the MVRA provided the exclusive remedy for nonpayment of BRB or for delay of payment of BRB. June 2, 2022, Order at 2. As a result, the court concluded that Jarnigan's claims based upon bad faith and upon violation of the UCSPA could not succeed and that Jarnigan failed to state a claim upon which relief could be granted. The court dismissed Jarnigan's amended complaint under Kentucky Rules of Civil Procedure (CR) 12.02.

Jarnigan then filed a motion to vacate the June 2, 2022, Order and argued that the circuit court failed to address all the claims raised in his amended complaint against Allstate. The circuit court granted the motion in an Order and Judgment entered March 2, 2023. Therein, the circuit court acknowledged that Allstate improperly obtained reimbursement of $9,000 for BRB paid to Jarnigan; nonetheless, the circuit court believed that Jarnigan's sole remedy was to seek recoupment of the $9,000 from State Farm as it wrongfully reimbursed BRB to Allstate. The circuit court stated:

> While the Court may agree with the overall contention that Allstate should not have received the repayment, the plaintiff's argument was against State Farm, not Allstate.
>
> State Farm chose to pay Allstate for the BRB payments before the right to subrogation arose. It should not have done so. Insurance companies should not be permitted [to] collude with one another to reduce the recovery of injured individuals such as the plaintiff by paying subrogation claims before the resolution of underlying cause of action. The plaintiff possessed a strong argument that State Farm's policy limits had not been reduced by State Farm's premature payment to Allstate. Rather than take the fight to State Farm and require State Farm to pay the full amount under the policy to the plaintiff, Jarnigan decided to settle his claims against Middletown and State Farm, executing a full release of those claims.
>
> As such, the Court finds that there is not a claim against Allstate for which relief may be granted. There is no statute or contractual obligation for Allstate to reimburse Jarnigan for monies it may have received improperly from State Farm.

Order and Judgment at 3-4.[3] The court ultimately determined that Jarnigan failed to set forth a claim against Allstate upon which relief could be granted and dismissed Jarnigan's amended complaint. This appeal follows.

To begin, the circuit court rendered an order dismissing Jarnigan's amended complaint pursuant to CR 12.02. Under CR 12.02, a court may dismiss an action for failure to state a claim upon which relief could be granted only if the "pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union of Ky., Local 541, SEIU, AFL-CIO v. Ky. Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When ruling upon a CR 12.02 motion, matters outside the pleadings may not be considered; however, if matters outside the pleading are considered, the motion must be viewed as a motion for summary judgment under CR 56. *Ferguson v. Oates*, 314 S.W.2d 518 (Ky. 1958).

In this case, the circuit court clearly considered matters outside of the pleadings; consequently, our review shall proceed under the summary judgment standard. Thereunder, summary judgment is proper where there exists no genuine

---

[3] The circuit court clearly indicates that both Allstate and State Farm acted improperly and in violation of the MVRA. This finding was not challenged by a cross-appeal. The circuit court even suggested that collusion may have been involved by the companies in reimbursing the BRB payment to Allstate. This issue was not raised on appeal and has not been addressed in this Opinion.

issue of material fact and movant is entitled to judgment as a matter of law. CR 56; *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482-83 (Ky. 1991). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. *Steelvest, Inc.*, 807 S.W.2d at 482-83. Because we only examine the record below without deference to the trial court's assessment thereof, our review is *de novo. Hammons v. Hammons*, 327 S.W.3d 444, 448 (Ky. 2010).

On appeal, Jarnigan contends that the circuit court erroneously dismissed his amended complaint against Allstate. For the reasons hereinafter stated, we agree.

There is no dispute that Jarnigan was entitled to $10,000 in BRB from Allstate and that Allstate, in fact, paid $10,000 in BRB on behalf of Jarnigan. So, this case does not center upon the late payment or the nonpayment BRB; therefore, the exclusive remedy provisions of the MVRA for the late payment or the nonpayment of BRB are inapplicable.[4] Instead, this case centers upon Allstate improperly obtaining reimbursement of $9,000 from State Farm by allegedly misusing its statutory subrogation right found in the MVRA and the proper remedy, if any, for such misuse.

---

[4] It is well-settled that the MVRA sets forth the exclusive remedy for the nonpayment or late payment of BRB. *Foster v. Ky. Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006).

Under the MVRA, a reparation obligor (like Allstate) has the right to obtain reimbursement for BRB's paid on behalf of its insured from the tortfeasor's liability insurance company. This statutory subrogation right is codified in KRS 304.39-070, which provides in part:

(1) "Secured person" means the owner, operator or occupant of a secured motor vehicle, and any other person or organization legally responsible for the acts or omissions of such owner, operator or occupant.

(2) A reparation obligor which has paid or may become obligated to pay basic reparation benefits shall be subrogated to the extent of its obligations to all of the rights of the person suffering the injury against any person or organization other than a secured person.

(3) A reparation obligor shall have the right to recover basic reparation benefits paid to or for the benefit of a person suffering the injury from the reparation obligor of a secured person as provided in this subsection, except as provided in KRS 304.39-140(3). The reparation obligor shall elect to assert its claim (i) by joining as a party in an action that may be commenced by the person suffering the injury, or (ii) to reimbursement, pursuant to KRS 304.39-030, sixty (60) days after said claim has been presented to the reparation obligor of secured persons. The right to recover basic reparation benefits paid under (ii) shall be limited to those instances established as applicable by the Kentucky Insurance Arbitration Association as provided in KRS 304.39-290.

(4) Any entitlement to recovery for basic or added reparation benefits paid or to be paid by the subrogee shall in no event exceed the limits of automobile bodily injury liability coverage available to the secured party after priority of entitlement as provided

in this section and KRS 304.39-140(3) has been satisfied.

Upon reading KRS 304.39-070, it is clear that a reparation obligor does not possess an unfettered right to subrogation for paid BRB; rather, its right to subrogation is explicitly limited by and subject to KRS 304.39-140(3).

KRS 304.39-140(3) reads:

> If the injured person, or injured persons, is entitled to damages under KRS 304.39-060 from the liability insurer of a second person, a self-insurer or an obligated government, collection of such damages shall have priority over the rights of the subrogee for its reimbursement of basic or added reparation benefits paid to or in behalf of such injured person or persons.

Under KRS 304.39-140(3), an injured person has priority to payments from liability insurance, and the reparation obligor, who paid BRB or Added Reparation Benefits, is subordinate thereto. Simply stated, the law is clear that the reparation obligor may only obtain reimbursement for paid BRB from the tortfeasor's liability insurance if its insured is fully compensated for his damages. *Fireman's Fund Ins. Co. v. Bennett*, 635 S.W.2d 482, 484 (Ky. 1981); *Wine v. Globe Am. Cas. Co.*, 917 S.W.2d 558, 565-66 (Ky. 1996); *Stovall v. Ford*, 661 S.W.2d 467, 470-71 (Ky. 1983).

The circuit court concluded that Jarnigan's only recourse was to pursue his claim against State Farm. We disagree. Where the reparation obligor (Allstate) improperly obtains reimbursement for paid BRB from the tortfeasor's

liability insurance (State Farm) before its insured is fully compensated, the reparation obligor has violated the MVRA and has financially benefitted from its own malfeasance to the detriment of the insured. In this case, Allstate's misconduct was to the detriment of its own insured, Jarnigan, which was acknowledged by the court below. Under these circumstances, we believe the insured does have a legal remedy against Allstate for the insurer's misconduct. Therefore, we hold that an insured party may recover directly from its insurer (reparation obligor) such amount of the improperly received BRB reimbursement that would have been available from a tortfeasor's liability carrier to compensate the insured for his damages. Otherwise, available liability coverage would be diminished by the reparation obligor before its insured is made whole. In so doing, an insured may claim that its insurer (reparation obligor) breached the implied covenant of good faith and fair dealing in their insurance contract by obtaining reimbursement for paid BRB from a tortfeasor's liability carrier before the insured is fully compensated for the damages incurred. *Indiana Ins. Co. v. Demetre*, 527 S.W.3d 12, 26 (Ky. 2017); *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 516 (Ky. 2006); *Pearman v. W. Point Nat'l Bank*, 887 S.W.2d 366, 368 (Ky. App. 1994).[5]

---

[5] As opposed to other provisions of the MVRA, neither KRS 304.39-070(4) nor KRS 304.39-140(3) specifically sets forth a civil remedy for violation thereof. Arguably, the insured could bring an action based upon the insurer's violation of KRS 304.39-070(4) and KRS 304.39-140(3) of the MVRA by utilizing KRS 446.070. *Powers v. Ky. Farm Bureau Mut. Ins. Co.*, ____ S.W.3d ____, 2024 WL 3020911, at *7 (Ky. 2024); s*ee also State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 117-18 (Ky. 1988). To the extent the circuit court or the parties failed

In this case, the circuit court erred by rendering summary judgment dismissing Jarnigan's amended complaint. In Jarnigan's amended complaint, Jarnigan alleged that Allstate violated KRS 304.39-070(4) and KRS 304.39-140(3) by obtaining reimbursement of paid BRB from State Farm where Jarnigan was not fully compensated for his injuries resulting from the automobile accident. Viewing the facts most favorable to Jarnigan, we hold that Jarnigan has raised viable claims against Allstate and entry of summary judgment dismissing his claims was in error.

Therefore, for the reasons stated, we reverse the March 2, 2023, Order and Judgment of the Ohio Circuit Court and remand for proceedings consistent with this Opinion.

ALL CONCUR.

| BRIEFS AND ORAL ARGUMENT FOR APPELLANT: | BRIEF AND ORAL ARGUMENT FOR APPELLEE: |
|---|---|
| Russ Wilkey | Brian D. Stempien |
| Owensboro, Kentucky | Louisville, Kentucky |

---

to recognize the statutory violation, this Court may resort to applicable legal authority, whether cited or not, to avoid a misleading application of law. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 740-41 (Ky. 2019).