RENDERED:  AUGUST 22, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0442-MR

COMMONWEALTH OF KENTUCKY                                        APPELLANT


APPEAL FROM CASEY CIRCUIT COURT
v.        HONORABLE RODERICK MESSER, SPECIAL JUDGE
ACTION NO. 22-CR-00142


LONNIE ALLEN HARRIS                                        APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  The Commonwealth of Kentucky brings this appeal from the

March 12, 2024, Order of the Casey Circuit Court which granted Lonnie Allen

Harris's post-judgment motion modifying the Final Judgment entered in the case

under Kentucky Rules of Civil Procedure (CR) 59.05.  The Commonwealth argues

the court incorrectly applied recent Supreme Court precedent to reduce the length

of Harris's lawfully imposed sentence.  For the reasons stated, we reverse.

BACKGROUND

On September 20, 2023, the Casey Circuit Court entered a Judgment and Sentence on Plea of Guilty by Harris. The court adjudged Harris to be guilty of one count of assault in the second degree; four counts of assault in the third degree; one count of assault in the fourth degree; one count of trafficking in the first degree, methamphetamine, first offense; two counts of wanton endangerment in the second degree; one count of harassing communications; one count of public intoxication; one count of falsely reporting an incident; and one count of disorderly conduct in the second degree. The court imposed a ten-year sentence for the count of assault in the second degree and a ten-year sentence for the count of trafficking in a controlled substance in the first degree, to run consecutively for a total of twenty years. The remaining counts were ordered to run concurrently for a total sentence of twenty years. The court then ordered, "This sentence shall run consecutive to 95-CR-00065 (Casey), 97-CR-00047 (Casey), 97-CR-00048 (Casey), 97-CR-00049 (Casey), 00-CR-00059 (Casey), 08-CR-00012 (Casey), 11-CR-00079 (Casey), 21-CR-00023 (Casey) and any other sentence imposed on the Defendant." Record at 131.

Relevant to this appeal is Case No. 21-CR-00023. In that case, Harris entered a guilty plea on February 28, 2022, to various charges and was not sentenced until May 23, 2022. He was then sentenced to thirteen-years in prison.

-2-

However, while his sentencing was pending in 2022, he committed the various crimes in this case which resulted in the twenty-year sentence in June of 2023, which the court ordered to be served consecutive with his thirteen-year sentence in Case No. 21-CR-00023, for a total of thirty-three years.

On September 25, 2023, Harris timely filed a *pro se* motion pursuant to CR 59.05 to amend the final judgment. He argued that Kentucky Revised Statutes (KRS) 532.110(1)(c) required that his aggregate sentence not exceed its statutory cap, and the court's Judgment and Sentence violated this limitation. He noted that his sentence in this case was ordered to run consecutively with the case for which he was on bond awaiting sentencing when he incurred the new charges, Case No. 21-CR-00023. He stated the cumulative total term of years to serve following the court's Judgment and Sentence was thirty-three-years' imprisonment for class C and D felonies. Harris argued the recent Supreme Court case of *Kimmel v. Commonwealth*, 671 S.W.3d 230 (Ky. 2023) was controlling. He asserted that *Kimmel* stands for the proposition that while KRS 533.060(3) may require sentences to run consecutively, the resulting total term of years cannot violate the maximum aggregate sentence cap in KRS 532.110(1)(c). *Id*. at 239. Thus, Harris argued then as he now does on appeal, that his maximum sentence cannot exceed twenty years.

The Commonwealth opposed the CR 59.05 motion to alter the sentence, arguing that Harris's case was distinguishable from *Kimmel* in that the instant sentence was the result of a plea agreement, and the Commonwealth's Offer on a Plea of Guilty accepted by Harris provided that the sentence was to run consecutively with the sentence previously imposed in Case No. 21-CR-00023. The Commonwealth emphasized that because Harris committed the present offenses while released on bond in Case No. 21-CR-00023,[1] KRS 533.060(3) required that the sentences must run consecutively. The Commonwealth also distinguished *Kimmel* from this case, noting that in *Kimmel* the charges from two separate indictments were tried together in a joint trial which resulted in one sentence. In Harris's case, however, the Commonwealth observed that the sentences were imposed in different cases and on different dates, and was not a situation where the defendant received a single sentence in excess of twenty years. Additionally, Harris received the benefit of reducing the time for his parole eligibility upon the Commonwealth dismissing Harris's first-degree persistent felony offender charge upon entering the guilty plea.

---

[1] The Commonwealth of Kentucky's response set forth these facts: Lonnie Allen Harris was sentenced to serve thirteen years in Casey County Case No. 21-CR-00023, in a judgment entered on June 23, 2022. The Commonwealth reported that the judgment indicated that Harris entered a guilty plea on February 28, 2022, and appeared before the court for final sentencing on May 23, 2022. Record at 142. In the case at bar, the indictment alleged that the criminal acts to which Harris pleaded guilty all occurred on or about May 10, 2022, which was while Harris was on bond awaiting sentencing in case No. 21-CR-00023.

In the court's March 12, 2024, Order, the court held, "[i]n the case before the court, both of the Defendant's cases were resolved by plea agreements and not by a single jury trial. However[,] a fair reading [of] the *Kimmel* opinion does not point to any reason that *Kimmel* is not controlling of the case before the Court." Record at 188. The trial court sustained the CR 59.05 motion and set aside the twenty-year sentence, and imposed a sentence of seven years to be served consecutively to the thirteen-year sentence in Case No. 21-CR-00023 for a total of twenty years. This appeal follows.

## STANDARD OF REVIEW

"A trial court's ruling on a CR 59.05 motion to alter, amend or vacate is reviewed under an abuse of discretion standard." *Hall v. Rowe*, 439 S.W.3d 183, 186 (Ky. App. 2014). "'The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair[,] or unsupported by sound legal principles.'" *Id.* (quoting *Woodard v. Commonwealth*, 147 S.W.3d 63, 67 (Ky. 2004)). Additionally, as applicable to this case, to the extent the court's ruling looks to the interpretation of a statute, this constitutes a question of law for which our review is *de novo*. *William C. Eriksen, P.S.C. v. Ky. Farm Bureau Mutual Ins. Co.*, 336 S.W.3d 909, 911 (Ky. App. 2010).

ANALYSIS

The Commonwealth argues that the circuit court's decision was not supported by Kentucky law regarding sentencing of cumulative offenses because the *Kimmel* opinion is factually distinguishable. In *Kimmel*, the Supreme Court set out to harmonize the sentencing cap statute, KRS 532.110(1)(c), with the statute that requires that particular sentences not be run concurrently, KRS 533.060. The sentencing cap statute, KRS 532.110(1)(c), stated in relevant part, that: "the aggregate of consecutive indeterminate terms shall not exceed in maximum length the longest extended term which would be authorized by KRS 532.080 for the highest class of crime for which any of the sentences is imposed[.]" KRS 532.080(6)(b) provides that the maximum term of imprisonment authorized for a Class C felony as enhanced is twenty years. The highest class of crime for the charges in Harris's case is a class C felony (both assault in the second degree and trafficking in a controlled substance in the first degree, 2 grams or more of methamphetamine, first offense).

KRS 533.060(3) also was applicable to Harris's sentencing because he was on bail awaiting sentencing in Case No. 21-CR-00023 when he committed the offenses in this case. That provision states:

> When a person commits an offense while awaiting trial
> for another offense, and is subsequently convicted or
> enters a plea of guilty to the offense committed while
> awaiting trial, the sentence imposed for the offense

-6-

committed while awaiting trial shall not run concurrently with confinement for the offense for which the person is awaiting trial.

A defendant is considered "awaiting trial" during the time period in which he is "awaiting sentencing." *Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004). In *Kimmel*, 671 S.W.3d at 239, the Supreme Court held, "[t]o harmonize and give effect to both statutes, we conclude that while sentences under KRS 533.060(3) must be consecutive, the resulting total term of years cannot violate the maximum aggregate sentence cap set forth in KRS 532.110(1)(c)." Harris maintains that the trial court was correct in following the plain words of the *Kimmel* opinion in requiring that the statutory cap be applied.

The issue presented in this appeal is whether the statutory cap applies when a new sentence is to run consecutively under KRS 533.060(3), to a previously entered sentence. Based on our review of applicable law, we do not believe the cap set out in KRS 532.110(1)(c) applies in this case. We agree with the Commonwealth that the facts of Harris's case are significantly distinguishable from *Kimmel*. As the Commonwealth observed, *Kimmel* had his various felony charges tried together. Harris had already pleaded guilty or had been sentenced in the previous cases when he committed the new offenses; therefore, the new charges could not have been tried with those from his prior conviction. The distinction matters because the Supreme Court has clearly held that the sentencing

-7-

cap in KRS 532.110(1)(c) does not extend to sentences resulting from previous convictions. *Johnson v. Commonwealth*, 553 S.W.3d 213, 219-20 (Ky. 2018).

In *Johnson*, 553 S.W.3d at 219-20, the trial court ordered that the defendant's sentence would run consecutively to all other sentences. Because Johnson had a prior conviction in which he was sentenced to ten years, the aggregate term of both sentences exceeded twenty years. *Id*. However, the Supreme Court expressly stated that KRS 532.110(1)(c) did not prohibit running the defendant's sentences consecutively. *Johnson*, 553 S.W.3d at 219-20. The Court held that KRS 532.110(1)(c), did not mandate that the aggregate of the defendant's two consecutive sentences be capped at the twenty-year maximum, holding that KRS 532.110(1)(c) did not apply to sentences arising from separate indictments and trials. *Johnson*, 553 S.W.3d at 219-20.

We believe this logic also extends to sentences arising from separate indictments that result in separate plea agreements. If one were to extend Harris's argument to its illogical extreme, had he been sentenced to twenty-years' imprisonment (rather than thirteen) in Case No. 21-CR-00023, he would not have been subject to any additional punishment for the crimes he committed in this case, while on bond, pending his final sentencing in Case No. 21-CR-00023. In other words, he would have been free to commit serious crimes without any legal

consequence. We do not believe that was the intent of the legislature nor can we condone such a result.

CONCLUSION

For the reasons stated, the circuit court erred in granting Harris's CR 59.05 motion as a matter of law. The circuit court was not required to reduce Harris's sentence pursuant to KRS 532.110 since his aggregate sentence in this case did not exceed twenty years, and it was permissible to run that sentence consecutive to those sentences from previous cases. Therefore, we reverse the order granting Harris's CR 59.05 motion and reinstate his original sentence as set out in the September 20, 2023, Judgment and Sentence.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Russell Coleman<br>Attorney General of Kentucky | Travis Bewley<br>Assistant Public Advocate<br>Department of Public Advocacy |
| J. Grant Burdette<br>Assistant Solicitor General<br>Office of the Solicitor General<br>Frankfort, Kentucky | Frankfort, Kentucky |