Judge Ewing
delivered the Opinion of the Court.
Keller and Buchanan, as remote assignees of Sprague, brought a petition and summons against Tilly, Scott and Adams, as co-partners, trading under the name and stvle of Tilly, Scott & Co. Adams plead a special plea of non est factum, which was joined, and verdict found against him; and Tilly and Scott making default, judgment was rendered against all the defendants.. Motion was thereupon made for anew trial, which was.sustained by the Court, and a new trial awarded.
At a subsequent term, the issue between the plain,tiffs and Adams was again tried, and a verdict found for i ! i • , ,, i i • i ♦ r» Aclams, and a judgment thereon rendered m his iavor, without rendering any judgment against the other defendants, or in their favor,, or disposing of. the c.ase at all, as to them.
t . . It seems to this Court, that the suit was not finally disposed of, so as to authorize the prosecution of a writ of error against the defendants. It is true, that when one defendant is released- on a ple.a of non est factum, judgment may be rendered against the other defendants, But in this case, the suit seems not to have been disposed of as to Tilly and Scott, but remains yet for the action of the Circuit Court. There was no judgment against them, or in their favor, or any refusal on the part of the Court, on proper motion, to. render judgment against them. Until this has been done,,it seems to this Court premature to prosecute a writ of error against the de" fendants.
The action against the defendants was a joint action* and the proceedings against them joint,.and a joint lia" *444 bility sought to be imposed upon them. And it cannot be properly said, that the plaintiffs’joint action has been finally disposed of, or final judgment rendered, until judgment has been rendered against, or in favor of each and all of the defendants, or against some and in favor of others. The final action of the Circuit Court, must be had on the joint suit, as to all the parties, or a refusal of the Court to render judgment as to some or all, upon proper motion, before a writ of error will lie. This Court cannot take up the case by parcels, and sustain the writ for an alleged error in the Circuit Court, in rendering a judgment in favor of one of several joint defendants, when no disposition has been made of the case, as to the other defendants. It is not final as to the plaintiffs’ joint action.
If the judgment were right in favor of Adams, it would not be proper to reverse it, because the Court did not render judgment against or in favor of the other defendants. And if it were wrong as to Adams, it would not be proper for this Court, in a joint writ against him and others, to reverse as to him, and afterwards when judgment shall be rendered against, or in favor of, the other defendants, to sustain the writ, and reverse or affirm as to them.
If judgment had been rendered against the defendant Adams, and not against his co-defendants, and without properly abating against them, he might complain, because it would be to his prejudice, who has no control over the plaintiffs’ action.
But when judgment is rendered in favor of Adams, and the case seems yet depending as to the other defendants, the plaintiffs have no more right to complain by writ of error, than if there had been an erroneous abatement of the cause, as to Adams, and a continuance as to the others.
It is therefore considered by the Court, that the writ of the plaintiffs in error be quashed, it being prematurely prosecuted.