MARTHA J. STATON *v.* JAMES A. BRYANT:

[Abstract Kentucky Law Reporter, Vol. 5—426.]

Preliminary Affidavit of Next Friend Waived.

> While the code may require the next friend to make the affidavit preliminary to the institution of an action by an infant, after a defendant has filed his answer it is then too late to move to dismiss the action for want of the affidavit. The filing of the answer is a waiver of his right to make such motion.

APPEAL FROM CASEY CIRCUIT COURT.

November 3, 1883.

OPINION BY JUDGE PRYOR:

Whatever may be the proper construction of the section of the code requiring the next friend to make the affidavit required, preliminary to the institution of the action by the infant, it is sufficient to say that it was too late after answer filed to make the motion to dismiss the action for want of the affidavit. The appellee says that his answer was not filed, but lodged in the clerk's office during vacation; and, while this is true, it also appears that after filing the answer with the clerk the appellee proceeded to take depositions upon notice to the appellant, and the latter attended and cross-examined the witnesses. Having been notified that the depositions would be

taken, the appellant had the right to waive the notice of the filing of the answer in the clerk's office, and this he seems to have done by attending and cross-examining the citizens and making no objections to the depositions after they had been filed in court; and certainly under the circumstances the court ought to have permitted the affidavit to have been filed that was tendered when the motion to dismiss was made. It was in strict compliance with Civ. Code 1876, § 37. See *Thomas' Exr. v. Thomas,* 15 B. Mon. (Ky.) 178, involving a similar question. It was error to dismiss the action by the infant and the cause is remanded with directions to permit the affidavit to be filed and for proceedings consistent with this opinion.

*Stone & Stone, for appellant.*

[Cited, *Upton's Committee v. Bush,* 135 Ky. 102, 121 S. W. 1005; *Campbell v. Dreher,* 33 Ky. 444, 110 S. W. 353.]