**Chester JACKSON and Cassie Jackson, Appellants,**

**v.**

**Dillard METCALF, Appellee.**

Court of Appeals of Kentucky.

June 10, 1966.

G. E. Reams, Harlan, for appellants.

James S. Greene, Jr., Greene & Forester, Harlan, for appellee.

WADDILL, Commissioner.

This action was instituted by appellants, Chester Jackson and his wife, to recover the value of standing timber sold by appellee, Dillard Metcalf, from land appellants claim they own. Appellee denied appellants owned this land. The trial judge determined that a part of the disputed property, referred to by the parties as a portion of the "Shell Patent," was owned by appellee and certified this judgment to be final and without just reason for delay under CR 54.02. The remainder of appellants' action was continued so the parties could introduce further evidence.

At this time we consider only appellee's motion to dismiss this appeal. He contends that, since appellants' action presented only a single claim for damages for the taking of timber, CR 54.02 is inapplicable and the certification of finality thereunder is a nullity. If appellee's contention is correct the appealed order is interlocutory and we have no jurisdiction of an attempted appeal from it. KRS 21.060. Appellant contends that, since the trial judge treated the case as presenting two separate claims for timber removed from two tracts of land, this constitutes a "multiple claims" action as that term is used in CR 54.02.

Kentucky Civil Rule 54.02 is taken nearly verbatim from Rule 54(b) of the Federal Rules of Civil Procedure and the consideration of what constitutes a multiple claims action under that rule affords a valuable insight to the history and purposes of the rule. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297; Capital Transit Co. v. District of Columbia, 96 U.S.App.D.C. 199, 225 F.2d 38; Rieser v. Baltimore & Ohio Railroad Co., 2 Cir., 224 F.2d 198. The general rule in the federal practice seems to be that a determination of multiplicity of claims must rest on whether the underlying factual basis for recovery states more than one claim which could have been separately enforced. See 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1193 at page 28.

If multiple claims are involved in this action they must be derived from the nature of the claims of title to the land in dispute. Appellee's title covers most but not all of the land claimed by appellants. Hence, it may be reasoned that to obtain the relief sought, appellants had to show superior title to two tracts of land, one which was included in the deed of appellee and one which was outside the boundaries of appellee's deed.

■ The trial judge could have reasonably refused to certify the appealability of the order in question under CR 54.02. Nevertheless we believe that where it is reasonably debatable whether a single claim or multiple claims are involved, the trial judge's exercise of discretion in certifying under CR 54.02 will be conclusive as to that issue. 6 Moore's Federal Practice, Section 54.33.

■ In the exercise of that discretion the trial judge must balance this Court's historic policy against piecemeal appeals. (See Kellar & Buchanan v. Tilly, Scott & Adams, 33 Ky. (3 Dana) 443) and the practical needs of the particular case before him. See Barron & Holtzoff, supra, at page 24. The entering of certification under CR 54.02 is no more automatic than is an extension of time to file a record on appeal under CR 73.08. See Abell v. Meguire, Ky., 402 S.W.2d 91 (decided April 22, 1966); Bailey v. Ashland Discount Association, Ky., 400 S.W.2d 508. The trial judge should always determine in entering a certification under CR 54.02 that the or-

der being certified is sufficiently important and severable to entitle a party to an immediate appellate review. See Clay, CR 54.02, Author's Comment 4.

In the instant case we are unwilling to hold that the trial judge erred in making the partial judgment a final and appealable one. The motion to dismiss the appeal is overruled.