RENDERED:  DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1242-MR

RENEE BOGARD                                             APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MELISSA L. BELLOWS, JUDGE
ACTION NO. 24-CI-003728

OLIVER H. BARBER, JR. AND
BARBER, BANASZYNSKI & HIATT,                      APPELLEES
PSC

OPINION
AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; COMBS AND ECKERLE, JUDGES.

COMBS, JUDGE:  This appeal involves a legal malpractice action.  After our

review, we dismiss this appeal without reaching the merits for the reasons set forth

below.

In January 2020, the Appellant, Renee Bogard (Bogard), hired the Appellant, attorney Oliver Barber, Jr. (Barber), to represent her in an underlying probate matter involving the estate of her late aunt. On May 30, 2024, Bogard filed a complaint in the Jefferson Circuit Court against Barber and his law firm: Barber, Banaszynski & Hiatt, PSC (BBH). Bogard made claims against Barber for negligence (Count I), gross negligence (Count III), legal malpractice (Count IV), breach of contract (Count V), and fraud by misrepresentation (Count VII). Bogard also made a claim against BBH for negligent supervision (Count II). In addition, Bogard made claims against both Barber and BBH for fraud by omission (Counts VI and VIII) and violation of the Kentucky Consumer Protection Act (KCPA) (Counts IX and X).

Barber and BBH filed a partial motion to dismiss pursuant to CR[1] 12.02 on the ground that that a professional malpractice claim is not within the scope of the KCPA, thus arguing that the consumer protection claims in Counts IX and X must fail as a matter of law and should be dismissed.

By Order entered September 19, 2024, the trial court granted the motion of Barber and BBH and dismissed with prejudice the claims for violation of the KCPA in Counts IX and X of the plaintiff's complaint. However, that Order did not contain a finality recitation.

---

[1] Kentucky Rules of Civil Procedure.

On October 1, 2024, Bogard filed a motion to make the September 19, 2024, Order final and appealable pursuant to CR 54.02. On October 7, 2024 -- before Barber and BBH had an opportunity to respond -- the trial court entered an Order granting Bogard's motion as follows in relevant part:

> IT IS HEREBY ORDERED that the Plaintiff's Motion is GRANTED and the Court's Order of September 19, 2024, dismissing the Plaintiff's claims for violation of the Kentucky Consumer Protection Act in Counts IX and X of the Plaintiff's Complaint is made final and appealable, there being no just cause of delay.

(Emphasis original.)

As Appellees note in their brief, their counsel appeared at motion hour to object to Bogard's motion to have the September 19, 2019, Order made final and appealable. The trial court stated: "I didn't anticipate any objection because that's so perfunctory to me that dispositive motions are final and appealable . . . ."

On October 15, 2024, Bogard filed a notice of appeal to this Court from the trial court's September 19, 2024 Order "which was made final and appealable through . . . separate order of October 7, 2024."

On October 16, 2024, Barber and BBH filed a motion to alter, amend, or vacate the trial court's Order of October 7, 2024. Barber and BBH argued that Kentucky law generally disallows piecemeal appeals. They also argued that the September 19, 2024, Order dismissing Bogard's KCPA claims is not sufficiently important and severable from the other issues to entitle Bogard to an immediate

appeal. Finally, they noted that interests of judicial economy weigh in favor of resolving the remaining claims first. At the hearing on the motion, the trial court reiterated that it thought the matter was "perfunctory" and "obligatory."

On November 20, 2024, the trial court entered an Opinion and Order denying Barber's and BBH's CR 59.05 motion to alter, amend, or vacate, stating that "[t]he Court does not find that it has abused its discretion in making the order final and appealable in the cast [*sic*] at bar. The Court agrees with the Defendants [*sic*] position here, and the final and appealable language is appropriate here."

On January 10, 2025, Appellees Barber and BBH filed a motion in this Court to dismiss the appeal on the ground that the trial court abused its discretion in making the September 19, 2024, Order final and appealable, stating that the court:

> fail[ed] to exercise -- or even understand that it had discretion . . . . [and] made no actual "determination" that there was "no just reason for delay" . . . but instead made the order final and appealable simply because Bogard requested it and because the trial court mistakenly believed that such [finality] language is obligatory whenever ruling on a dispositive motion . . . .

Barber and BBH contended that the dismissed claims and the remaining claims involve the same parties, that all of the claims are premised on the same factual allegations, and that judicial economy will best be served by considering the case in its entirety in a future appeal.

-4-

On January 21, 2025, Bogard filed a response to the motion to dismiss. By Order entered on April 29, 2025, a motion panel of this Court passed Appellees' motion to dismiss the appeal to this merits panel.

After careful review, we grant the Appellees' motion to dismiss the appeal. CR 54.01 provides in relevant part that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." CR 54.02 provides that:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final.

(Emphasis added.)

> In exercising the discretion granted by CR 54.02:
>
> the trial judge must balance this Court's historic policy against piecemeal appeals . . . and the practical needs of the particular case . . . . The entering of certification under CR 54.02 is . . .[not] automatic . . . . The trial judge should always determine in entering a certification under CR 54.02 that the order being certified is sufficiently important and severable to entitle a party to an immediate appellate review.

*Jackson v. Metcalf*, 404 S.W.2d 793, 795 (Ky. 1966). "A trial court should not grant CR 54.02 requests routinely or as a courtesy to counsel. Each case must be

-5-

evaluated on a case-by-case basis." *Watson v. Best Financial Services, Inc.*, 245 S.W.3d 722, 727 (Ky. 2008). Where an order is interlocutory by its very nature, the recital of the CR 54.02 finality language will not make it appealable. *Hook v. Hook,* 563 S.W.2d 716, 717 (Ky. 1978).

> The standard of our review is abuse of discretion.
>
> [O]nce an appellate court determines that the trial court rendered a final adjudication upon one or more claims in litigation, an appellate court then examines the trial court's certification for abuse of discretion in releasing for appeal a final decision upon one or more, but less than all the claims.

*Watson*, *supra*, at 726 (footnote omitted).

We agree with Appellees that the trial court failed to exercise *any* discretion in granting Bogard's motion. "A court's failure to exercise discretion is itself an abuse of discretion." *Dawahare v. Cabinet for Health and Family Services*, 662 S.W.3d 745, 748 (Ky. App. 2023).

Accordingly, we order that this appeal be dismissed, and it is hereby DISMISSED.

ALL CONCUR.

ENTERED:  12-19-2025

_____
SARA WALTER COMBS
JUDGE, COURT OF APPEALS

-6-

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Makenzie Ackermann        Matthew W. Breetz
Paul R. Schurman, Jr.        Alisa Micu
Louisville, Kentucky        April M.J. Sain
        Louisville, Kentucky